[904 NYS2d 177]

In the Matter of ROBERT TAMBINI, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, June 29, 2010

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

*Michael A. Gentile*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated September 12, 2008 containing 24 charges of professional misconduct. After a hearing held on April 28, 2009, the Special Referee sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the report as to charges 1 through 7, 9, and 13 through 24, and to impose a public censure for his misconduct.

Charge 1 alleges that the respondent is guilty of forming a partnership with a nonlawyer, and that some of the partnership's activities consisted of the practice of law, in violation of Code of Professional Responsibility DR 3-103 (a) (22 NYCRR 1200.18 [a]). In 2003, the respondent formed Expedient Settlement, Inc. (hereinafter Expedient Settlement) with Matthew Kelley, a nonlawyer. Expedient Settlement provided representation and settlement services to lenders in real estate transactions in the State of New York. Through the respondent, Expedient Settlement provided legal services to its clients and/or utilized the respondent's attorney trust account for its clients' transactions.

Charge 2 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 1, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 3 alleges that the respondent is guilty of dividing legal fees with a nonlawyer, in violation of Code of Professional Responsibility DR 3-102 (a) (22 NYCRR 1200.17 [a]). The fees for services provided by Expedient Settlement would be paid to Expedient Settlement either directly or via payment to the respondent. The net revenue from these fees would be shared by the respondent and Matthew Kelley, a nonlawyer.

Charge 4 alleges the respondent is guilty of misappropriating funds on deposit in his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent was the sole signatory on his attorney trust account at Citibank. On or about July 1, 2004, the balance in the account was approximately $30,000 less than the amount of funds that should have been maintained on deposit therein on behalf of various third parties. This shortfall was not corrected until the sum of $30,000 was deposited into the account from a source of personal/operating funds on or about August 16, 2004.

Charge 5 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 4, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 6 alleges the respondent is guilty of misappropriating funds on deposit in his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), by disbursing funds from that account that were either greater than the amounts on deposit or prior to the deposit of sufficient corresponding funds with respect to various enumerated matters. Separately enumerated in the petition, but too numerous to list here, such matters totaling 47 in number, ranged from -$12.50 to -$185,144.59. One or more of such excess disbursements resulted in the conversion of other funds being held in the respondent's attorney trust account on behalf of other parties.

Charge 7 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 6, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 8 alleges that the respondent is guilty of failing to exercise his supervisory responsibilities in breach of his fiduciary duty, in violation of Code of Professional Responsibility

DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]), by permitting checks to be issued from his attorney trust account on one or more disbursements in which there were excess disbursements by a nonlawyer employee or employees using a signature stamp of the respondent's signature.

Charge 9 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 8, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 10 alleges that the respondent is guilty of commingling personal/operating funds with funds held in a fiduciary capacity in his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent was the sole signatory for the "Robert Tambini Attorney Trust Account" at Citibank. On or about March 23, 2005, as part of a total deposit of $227,000, he deposited $16,000 or more from personal/operating funds into his attorney trust account.

Charge 11 alleges that the respondent is guilty of commingling personal/operating funds with funds held in a fiduciary capacity in his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). During or about the period of July 1, 2004 through January 31, 2005, in relation to various real estate matters, the respondent failed to disburse funds earned and due to himself and/or Expedient Settlement, but rather, allowed such funds to remain on deposit for an indefinite period. Such matters, separately enumerated in the petition, but too numerous to list here, totaled 49 in number. The amounts allowed to remain on deposit ranged from a low of $12.09 to a high of $1,230. The average amount was $25 or less.

Charge 12 alleges that the respondent is guilty of breaching his fiduciary duty by failing to notify his client or other third party promptly of his receipt and possession of funds in which the client or third party has an interest, in violation of Code of Professional Responsibility DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1]). During or about the period July 1, 2004 through January 31, 2005, the respondent received funds into his attorney trust account from a lender that was lending funds for various real estate matters in excess of the aggregate amount of the funds that were disbursed pursuant to the transaction. The real estate matters, separately enumerated in the petition, but too

numerous to list here, totaled 23 in number. The excess amounts ranged from a low of $35 to a high of $1,741.80.

Charge 13 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 12, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 14 alleges that the respondent is guilty of breaching his fiduciary duty by failing, in connection with real estate matters enumerated in charge 12, to remit funds due a client or other third party promptly, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]). Although the transactions were completed in 2004 and 2005, the respondent did not attempt to remit the excess funds due to the lender until October 2007 or thereafter.

Charge 15 alleges the respondent is guilty of conduct that adversely reflects on his fitness to practice law that by engaging in the conduct set forth in charge 14, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 16 alleges that the respondent is guilty of breaching his fiduciary duty by failing to promptly remit funds due to his client or other third party, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]). During or about the period July 1, 2004 through January 31, 2005, the respondent received funds into his attorney trust account in connection with various real estate matters; a portion of those funds was due to be disbursed to the borrower and/or third party. The real estate matters, separately enumerated in the petition, but too numerous to list here, totaled 37 in number. With respect to those matters, the respondent failed to disburse the funds fully and/or when checks that had been issued were not negotiated or failed to reissue checks in an appropriately prompt manner, thereby causing these funds to remain on deposit in his attorney trust account. The amounts not disbursed ranged from a low of $12 to a high of $3,295.04.

Charge 17 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 16, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 18 alleges that the respondent is guilty of failing to exercise his supervisory responsibilities in breach of his fidu-

ciary duty, in violation of Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]). During 2004 and 2005, the respondent permitted, with little direct supervision by him, the entry of information into records kept for his attorney trust account, the review and reconciliation of those records, by nonlawyer employees and/or accountants.

Charge 19 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law by engaging in the conduct set forth in charge 18, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 20 alleges that the respondent is guilty of disbursing funds from his attorney trust account by electronic transfer without having obtained the prior written approval of the party entitled to the proceeds, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). During or about the period July 1, 2004 through January 31, 2005, the respondent made one or more disbursements from his attorney trust account by electronic transfer without having obtained the prior written approval for those transfers by the party or parties entitled to receive the proceeds.

Charge 21 alleges that the respondent is guilty of an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]). Since 2003, the respondent, either directly or through Expedient Settlement, represented lenders in one or more real estate transactions in New York State for which Expedient Title, of which the respondent is a principal, received fees for the title and/or abstract services in such transactions. The respondent failed to obtain the consent of the represented lender after full disclosure of his multiple interests in such transactions.

Charge 22 alleges that the respondent is guilty of accepting a financial benefit from one other than the client in relation to his representation of or employment by the client, in violation of Code of Professional Responsibility DR 5-107 (a) (2) (22 NYCRR 1200.26 [a] [2]). In one or more transactions, the fees paid to the respondent and/or Expedient Title for title and/or abstract services were paid by the borrower, who was not the client of the respondent and/or Expedient Settlement. The respondent failed to obtain the consent of the represented lender after full disclosure of his financial benefit from the title and abstract fees paid for by the borrower.

Charge 23 alleges that the respondent is guilty of an impermissible conflict of interest by representing multiple parties, in

violation of Code of Professional Responsibility DR 5-105 (a) and/or (b) (22 NYCRR 1200.24 [a], [b]). Since 2003, the respondent, in one or more real estate transactions, represented both the borrower and the lender, and failed to obtain the consent of either the lender or the borrower after full disclosure.

Charge 24 alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In or about July 2004, the respondent, either directly or through Expedient Settlement, represented the lender in a home equity line of credit transaction, for which the borrowers were Michael Weinstein and Melanie Kahn, and prepared a settlement statement which did not accurately reflect how the funds were disbursed from the attorney trust account.

The respondent served an answer dated January 9, 2009.

The Grievance Committee and the respondent stipulated to various documentary evidence, which included the transcript of the respondent's testimony given at investigative appearances before the Grievance Committee on January 22, 2007, March 29, 2007, and June 3, 2008, along with exhibits. The Grievance Committee did not call any witnesses, relying on the admissions the respondent made at his investigative appearances and the voluminous documentary evidence developed in cooperation with the respondent during the investigation which spanned some four to five years. The respondent testified on his own behalf, offering only evidence in mitigation. He did not, for the most part, dispute any of the factual allegations, but he did dispute whether the facts constituted professional misconduct in the absence of venality, fraud, or intentional wrongdoing on his part.

Based on the respondent's admissions and the evidence adduced, all 24 charges were properly sustained by the Special Referee. Accordingly, the Grievance Committee's motion to confirm is granted and the respondent's cross motion to disaffirm certain portions of the report is denied.

In mitigation, the respondent emphasizes that he did not act with fraudulent intent, no client was harmed, he never took anyone's money, and he never utilized anyone's money. He cooperated fully with Grievance Committee in its investigation, which lasted more than four years, and testified candidly at all his appearances.

The Grievance Committee notes that the respondent has a disciplinary history consisting of two letters of caution. A

September 30, 2005 letter cautioned the respondent for failing to maintain his attorney registration. A January 5, 2007 letter cautioned the respondent for neglecting a legal matter entrusted to him by failing to appear in court on two occasions, failing to respond to a motion to dismiss, which resulted in a dismissal of the case, and submitting an unsigned and unverified bill of particulars in the case.

Notwithstanding the Special Referee's finding that the respondent "did not profit or apparently intend to profit," we conclude that the respondent *did profit* in the sense that he would not have been able to handle the tremendous volume of business he did, but for his use, or more accurately abuse, of his attorney trust account. By using his attorney trust account and law office stationery in his "settlement business," the respondent imbued his business with an aura of trust, ordinarily afforded to attorneys by New York banks, who are accustomed to attorneys handling real estate closings. In so doing, the respondent was able to expedite closings, gain an advantage over his competitors, and garner more business. The respondent's improper use of his attorney trust account was part of an ongoing operation and not an isolated occurrence. Further, the respondent was no novice, as he had been practicing law for some 10 years when he formed Expedient Title and Expedient Settlement. He was well aware, as he admitted, that an attorney trust account is a highly regulated account.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm certain portions thereof is denied; and it is further,

Ordered that the respondent, Robert Tambini, is suspended from the practice of law for a period of three years, commencing July 29, 2010, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing

legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Robert Tambini, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Robert Tambini, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert Tambini, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).